OPINION
{¶ 1} Defendant-Appellant, Mark Riedel, appeals a Hancock County Common Pleas Court judgment finding him guilty on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). Riedel maintains that the trial court failed to properly follow the felony sentencing guidelines established in the Ohio Revised Code by sentencing him to more than the minimum required sentence and consecutive rather than concurrent sentences. A review of the record reveals that the trial court properly sentenced Riedel. Accordingly, we affirm the decision of the trial court.
 {¶ 2} Beginning in May 2002, Riedel became involved in a sexual relationship with a fourteen year old girl he had met while attending church. At the time, Riedel was forty five years old. In order to facilitate his relationship, Riedel joined the church youth group and often would give the victim rides home. Riedel began seeing the victim by secretly meeting with her in public and even in the victim's home while her parents were asleep or at work. During his encounters with the victim, Riedel engaged in various sexual acts with her, but never engaged in full sexual intercourse.
 {¶ 3} Seeking the approval of the victim's parents, Riedel went to their house and asked for permission to date their daughter. Both parents denied Riedel permission. He then approached his church pastor about the relationship, and was told that it should be broken off immediately because it was both illegal and immoral.
 {¶ 4} Eventually, the victim's father called the police, and Riedel admitted to having engaged in sexual contact with the victim. Riedel pled guilty to both counts of unlawful sexual conduct with a minor, and a sentencing hearing was held. The trial court found that Riedel had caused the victim extreme psychological suffering, had used his relationship with the victim to facilitate the offense, and that recidivism was likely. Accordingly, the trial court sentenced Riedel to serve two consecutive three year terms of incarceration. From this judgment Riedel appeals presenting the following assignment of error for our review.
The trial court erred when imposing a non-minimum sentence upon theAppellant, a first time offender, and further erred in imposingconsecutive sentences when it failed to make its statutorily enumeratedfindings and give reason supporting those findings at the sentencinghearing pursuant to R.C. 2929.14(B), 292914(E)(4) and 2929.19(B)(2)(c).
 {¶ 5} In his sole assignment of error, Riedel maintains that the trial court failed to correctly follow the felony sentencing guidelines established in the Ohio Revised code. Specifically, he claims that the trial court erred by imposing more than the minimum sentence and consecutive sentences.
 {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determines a particular sentence.[1] Compliance with the aforementioned sentencing statutes is required.[2]
Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate the particular reasons for making those findings on the record.[3]
 {¶ 7} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law.[4] Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[5]
It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt.[6] An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims."[7]
 {¶ 8} A third degree felony may be punished by a prison term of one, two, three, four, or five years.[8] In deciding whether incarceration is an appropriate sentence in third degree felony cases, "the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section2929.12 of the Revised Code."[9]
 {¶ 9} R.C. 2929.11 states that the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. The trial court should be given broad discretion in determining, "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11."[10] R.C. 2929.12
enumerates a nonexclusive list of seriousness and recidivism factors that sentencing courts must consider. Trial courts should be given significant discretion in applying these and other statutory factors.[11]
 {¶ 10} If a court does elect to impose a prison term it must impose the shortest term mandated unless, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime bythe offender."[12]
 {¶ 11} During the sentencing hearing herein, the trial court extensively discussed the factors of R.C. 2929.12 and found that the more serious factors outweighed the less serious factors. Specifically, the trial court found that Riedel had caused the victim mental injury which was exacerbated because of her age. This was supported in the record by the mother's testimony that the daughter had been suffering emotionally ever since the incident, as well as by Riedel's own testimony that he was, "sorry for putting scars in [the victim] that might never go away." Further, the trial court found that the offender's relationship with the victim facilitated the offense. This is supported by uncontroverted testimony that Riedel began his relationship with the victim through church, and furthered it through his participation with the church youth group. The trial court also found that Riedel's statements blaming the victim's parents for his sexual relationship with their daughter indicated the seriousness of his conduct.
 {¶ 12} Additionally, the trial court addressed, on the record, the recidivism factors of R.C. 2929.12(D) and (E) and found that Riedel was likely to recommit similar crimes. While the court found that Riedel had no juvenile record, it found that because he had continued the relationship in defiance of both the victim's parents and his pastor's advice, he was likely to commit such crimes in the future.
 {¶ 13} The trial court weighed all of the above and sentenced Riedel to serve three years on each charge. After reviewing the entire record, we cannot find, by clear and convincing evidence, that this sentence is inappropriate. The trial court's findings are supported by the record, and the nature of Riedel's crimes, along with his statements and actions afterwards, support a finding that the minimum sentence would not adequately protect the public. There is no special talismanic language that the trial court must use as long as it is clear that it relied upon the applicable sentencing guidelines.[13] Therefore, we affirm the trial court's judgment to sentence Riedel to more than the minimum sentence.
 {¶ 14} Riedel also challenges the trial court's judgment that both sentences should run consecutively rather than concurrently. Under the felony guidelines, a trial court may impose consecutive sentences for multiple offenses if it finds the following:
that the consecutive service is necessary to protect the public fromfuture crime or to punish the offender and that consecutive sentences arenot disproportionate to the seriousness of the offender's conduct and tothe danger the offender poses to the
 public, and if the court also finds any of the following:
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.[14]
 {¶ 15} Herein, the trial court made specific on the record findings that consecutive sentences were necessary to protect the public and were not disproportionate to the seriousness of the offender's conduct. As discussed above, the trial court also made the finding that the victim had suffered extreme emotional harm.
 {¶ 16} The record shows that Riedel is a forty five year old man who engaged in sexual acts with a fourteen year old girl even after both her parents and his pastor told him to stop. He facilitated his sexual abuse through his relationship with the victim in church, and engaged in sexual conduct in the victim's parent's home. Even by his own admission, he caused the victim emotional suffering which may never heal. Accordingly, we find the record supports the trial court's determination that consecutive sentences are necessary to protect the public, are not disproportionate to the crime, and are justified by the emotional harm Riedel caused the victim. Therefore, we cannot find that there is clear and convincing evidence that supports a reversal of the trial court's judgment, and we affirm the imposition of consecutive sentences.
 {¶ 17} Having reviewed the entire record, we determine that the trial court did not err in imposing more than the minimum sentence and in imposing consecutive sentences. Therefore, we overrule Riedel's assignment of error and affirm the decision of the trial court.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant, P.J., and Shaw, J., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[2] Id.
[3] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraphs one and two of the syllabus.
[4] R.C. 2953.08(G); see, also, Martin, 136 Ohio App.3d at 361.
[5] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[6] Id.
[7] State v. Jones (2001), 93 Ohio St.3d 391, 400.
[8] R.C. 2929.14(A)(3).
[9] R.C. 2929.13(C).
[10] R.C. 2929.12(A); State v. Fyffe (Oct. 5, 2001), 3rd Dist. No. 2-01-16 unreported; State v. Avery (1998), 126 Ohio App.3d 36,50-51.
[11] State v. Yirga (June 4, 2002), 3rd Dist. No. 16-01-24, unreported, citing State v. Arnett (2000), 88 Ohio St.3d 208, 215, citingState v. Fox (1994), 69 Ohio St.3d 183, 193; State v. Mills (1992),62 Ohio St.3d 357, 376.
[12] R.C. 2929.14(B)(2) (emphasis added).
[13] State v. McNeal, 3rd Dist. No. 1-01-158, 2002-Ohio-2981, at ¶ 53.
[14] R.C. 2929.14(E)(4).